IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES L. McGEE,  # L7157**[1]                                                   **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:17cv224-LG-RHW**

**ARAMARK FOOD SERVICES CORP.,** *et al.*                         **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* following review of the docket entries and pleadings in the case.  Plaintiff filed this prisoner civil rights lawsuit on August 16, 2017.  All Defendants except Joy Ross waived service of process, and have filed either answers or motion(s) to dismiss.  [37], [42], [45], [49], [51], [54]  The Mississippi Department of Corrections (MDOC) advised the Court that Ross is no longer employed by MDOC, and provided her last known address under seal.  [46]  The Court promptly issued a notice of lawsuit and request for waiver of service to Ross at the last known address.  [47]  No response was filed to the request for waiver.

By order entered August 28, 2018, the Court required Plaintiff to provide a current street address for Defendant Ross so the Court might have her served with the summons and complaint, and warned that Plaintiff's failure to comply might result in dismissal of Ross from the case. [56]  Plaintiff has provided no further address for Ross.  It is the Plaintiff's responsibility to provide a Defendant's address for the purpose of service of process. *See Barmes v. Nolan*, 123 F. App'x 238, 239 (7th Cir. 2005) (finding district court was not responsible for helping *pro se* plaintiff locate address of defendant); *Laurence v. Wall*, 551 F.3d 92 (1st Cir. 2008) (IFP plaintiff

---

[1]The MDOC web site lists inmate # L7157 as Charles "Magee" rather than McGee.

is required to cooperate with court and USMS in effectuating service, including providing addresses of named defendants).

## RECOMMENDATION

Since the Court's efforts to obtain service on Defendant Ross have proved unsuccessful, and Plaintiff has provided no further address for service of the summons and complaint on Ross, the undersigned recommends that the complaint be dismissed without prejudice as to Joy Ross.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 1st day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE