IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES L. McGEE,  # L7157**[1]                                                                    **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION: 1:17cv224-LG-RHW**

**ARAMARK CORRECTIONAL SERVICES, LLC,**  *et al.*                    **DEFENDANTS**

REPORT AND RECOMMENDATION

Before the Court is [54] a motion to dismiss filed by Defendant Aramark Correctional Services, LLC (Aramark) on August 28, 2018.  Plaintiff was served a copy of the motion along with the memorandum in support and exhibits, but he has filed no response to the motion.

Facts and Procedural History

Charles L. McGee, Mississippi Department of Corrections (MDOC) inmate # L7157, is presently imprisoned at South Mississippi Correctional Institution (SMCI) where he is serving sentences of life and three years for Jackson County, Mississippi convictions of murder and simple assault on a police officer, respectively.  On  August 16, 2017 McGee filed this prisoner civil rights lawsuit under 42 U.S.C. § 1983, against several John Doe defendants and seven named defendants, including Aramark. McGee complains that since July 1, 2016,[2] he has received insufficient food and lost weight[3] because "Aramark ... has a cost effectiveness bonus for employees who save the corporation money.  A written policy where abuse & maltreatment happens..." [1, p. 7]  McGee specifically complains the juice/tea are watered down, discolored juice has been served, coffee/sugar are sometimes not served, and once mashed potatoes were

---

[1]The MDOC web site lists inmate # L7157 as Charles "Magee" rather than McGee.

[2]The effective date of Aramark's contract with MDOC to provide food services.  [61-1, p. 2]

[3]The MDOC web site indicates McGee/Magee is 5'11" tall and weighs 170 pounds.

served undercooked.  He further alleges food services workers have decreased prisoners' food portions so that they are insufficient, and the food services supervisor fails to insure that inmate workers properly clean trays and utensils.  McGee requests that Aramark be fined for all these matters and that the fines be deposited into his inmate account.

Aramark seeks dismissal under FED.R.CIV.P. 12(b)(6), urging that McGee's complaints about the flavor of tea/juice or portions of food served do not amount to constitutional violations, that Aramark is not a state actor for purposes of § 1983 liability, and that Aramark has no policy or custom to serve less food to save money.  In support of the motion, Aramark submits affidavits from two of its employees, and two pages of its contract with the MDOC to provide food service to MDOC facilities including SMCI.  [55-1], [55-2], [61-1]

Standard of Review

On a motion to dismiss, the Court accepts as true all well-pleaded facts and views them in the light most favorable to the Plaintiff.  *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).  The Court is not required to accept as true allegations which merely state conclusions.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Although the Court should assume the veracity of well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement to relief, naked assertions without further factual enhancement are insufficient; "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).  Whether the

complaint meets the required standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. FED.R.CIV.P. 12(d). In considering the present motion, the undersigned has considered only the two pages of Aramark's contract and the pleadings and applicable law, which does not convert the present motion into one for summary judgment.

## Conditions of Confinement

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment proscription against cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31, (1993). While the Constitution does not require comfortable prisons, it does protect inmates from inhumane prison conditions. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement, adequate food, shelter, clothing, medical care and safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Smith v. Dixon*, 2012 WL 3068769, at *7 (S.D. Miss. July 27, 2012.

To establish an Eighth Amendment claim, one must first show "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citing *Harper,* 174 F.3d at 720).[4] He must then show the official responsible for the deprivation acted with deliberate indifference, that the official was aware of facts from which an inference of excessive risk to the prisoner's health could be drawn, and actually drew such an inference.

---

[4]In *Berry*, the Fifth Circuit upheld dismissal as frivolous of an inmate claim of being denied admission to the dining hall eight times over a seven-month period allegedly due to retaliation.

The undersigned finds McGee has not met the requisite standard with respect to his claims against Aramark regarding food service.  The Constitution requires that food served prisoners provide adequate nutrition, not that particular food be supplied, or that the food be served at a certain temperature or level of tastiness.  *Logan v. Black*, 983 F.2d 1063 (5th Cir. 1993); *Warren v. Gusman*, 2017 WL 1373875, at *15 (E.D. La. March 10, 2017), *report and recommendation adopted*, 2017 WL 1355709 (E.D. La. April 13, 2017); *Shelton v. Stringer*, 2007 WL 2258901, at *4 (S.D. Miss. August 3, 2007).  "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Id*.; *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998).  Constitutional violations are not established by showing mere discomforts associated with incarceration, such as those instances of which McGee complains with respect to food.  *See Hyder v. Perez*, 85 F.3d 624, 1996 WL 255243 at *1 (5th Cir. 1996) (upholding dismissal of claims that quantities of food were inadequate as lacking an arguable basis in law or fact); *Warren v. Gusman*, 2017 WL 1373875, at *15 (holding allegations that meals are not ideal, are overcooked, and not properly prepared for prisoner's diet and allergies "do not rise to a level of seriousness constituting a constitutional violation").  The undersigned is of the opinion that McGee's complaints regarding the strength or color of juice or tea, lack of coffee or sugar with some meals, undercooked mashed potatoes, and inadequate food portions are likewise insufficient to constitute a denial of the minimal civilized measure of life's necessities, which obviates the need to address whether such conditions resulted from deliberate indifference.  This finding also makes it unnecessary to address Aramark's arguments that it is not a state actor for purposes of § 1983, and that it has no policy or custom to reduce food portions to save money.

**RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Aramark's motion to dismiss be granted and that the complaint be dismissed as to Aramark.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 20th day of December, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE